IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FARAMARZ RAHAT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-04-1142-HE |
| | ) | |
| HASKELL HIGGINS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Faramarz Rahat instituted this action pursuant to 28 U.S.C. § 2254 seeking habeas relief and, consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo for initial proceedings.  The magistrate judge has now issued his Report and Recommendation, suggesting that the respondent's motion to dismiss the petition as untimely be granted as to the petitioner's ineffective assistance of trial and appellate counsel claims.  With respect to petitioner's remaining grounds for relief, the magistrate judge assumes they are timely[1] and recommends they be dismissed for failing to state claims cognizable in a federal habeas action.[2]  The petitioner has filed an objection in which, among other arguments, he challenges the magistrate judge's consideration of documentary records submitted by the respondent and his conclusion that the petitioner's ineffective assistance of trial and appellate counsel claims are time-

---

[1] *Because the record was insufficient as to these other claims, the magistrate judge could not determine whether they were filed within the one year statutory period.*

[2] *The magistrate judge also recommends the denial of the petitioner's motions for order to show cause, for bail pending hearing and decision, and for summary judgment.*

barred. He contends the statute of limitations should be tolled, contests the 2003 bench warrant,[3] and asserts that he was authorized to leave the country to attend a funeral and was precluded from returning by the Iran hostage crisis.[4]

The court concurs with Magistrate Judge Argo that the petitioner's statutory year to file has expired with respect to his ineffective assistance of trial and appellate counsel claims, *see* 28 U.S.C. § 2244(d)(1), and that the limitations period was not subject to statutory or equitable tolling.[5] The court also agrees with the magistrate judge's analysis of the petitioner's remaining grounds for relief – lack of jurisdiction, ineffective post-conviction counsel and the illegality of the bench warrant for his arrest – and his conclusion that these claims are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[6]

---

[3] *While the original bench warrant for the petitioner's arrest was apparently recalled without explanation, the petitioner did not, in his objection, provide any basis for his assertion that the case, i.e. his judgment and sentence, were "vacated." Objection, p. 9. There also is no basis for his contention that he was arrested and is presently being incarcerated for a fictitious crime that he allegedly committed in October 2002.*

[4] *Even if the petitioner's return to the United States was delayed by circumstances beyond his control, once he did come back to this country he went to Arkansas, rather than Oklahoma. Contrary to the petitioner's assertion, the magistrate judge did not state on page 2 or any other page of the Report and Recommendation that the state had full knowledge of his whereabouts.*

[5] *As found by the magistrate judge, if the petitioner had demonstrated rare and extraordinary circumstances justifying equitable tolling of the limitations period, he still failed to show he diligently pursued his federal claims.*

[6] *Noting the petitioner's assertion in his memorandum that the trial court sentenced him prior to receipt of the results of a presentence investigation, the magistrate judge concluded that if the petitioner meant for this to be a separate claim it was both untimely and raised a state law claim not cognizable in this federal habeas action. The court agrees.*

The court adopts Magistrate Judge Argo's Report and Recommendation and **GRANTS IN PART** the respondent's motion to dismiss [Doc. #26] as to the petitioner's claims that his trial and appellate counsel were ineffective, and otherwise **DENIES** it. The petitioner's remaining claims are summarily dismissed.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The petitioner's motions for order to show cause [Doc. #8], for bail pending hearing and decision [Doc. #16], and for summary judgment [Doc. #36] are **DENIED**.[7]

Accordingly, the petition for writ of habeas corpus is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 4th day of May, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7]In his Report and Recommendation the magistrate judge **granted** the petitioner's motion for leave to verify or reintroduce evidence [doc. no. 21].